UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID E. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-0273 (BAH) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

In this matter brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the defendant U.S. Department of Justice has complied with the order to release responsive records to the plaintiff David E. Hill, pursuant to the Court's adoption of Magistrate Judge Alan Kay's Report and Recommendation ("R&R"). *See* Mem. and Order of February 6, 2012, ECF No. 31. Specifically, the defendant released in its entirety the grand jury information, which Magistrate Judge Kay had identified as responsive to Plaintiff's FOIA request but which had been improperly withheld under FOIA exemption 3.[1] The defendant now renews its motion for summary judgment. Def.'s Renewed Mot. for Summ. J., ECF No. 33.

The plaintiff simultaneously opposes the defendant's renewed summary judgment motion, Pl.'s Mot. in Opp'n to Def.'s Renewed Mot. for Summ. J., ECF No. 35, and moves pursuant to Rule 56(d) of the Federal Rules of Civil Procedure for a continuance to conduct

---

[1] Judge Kay found that Defendant wrongly applied FOIA exemption 3 to Plaintiff's "second, third and fourth requests . . . for three dates regarding the grand jury" and his first request for "the name of the district court judge who summoned the grand jury in Hill's criminal case." Report and Recommendation at 8, 9.

discovery on the defendant's search for responsive records. *See* Mot. for Continuance, ECF No. 36, at 4 & n.1 (requesting "an order directing defendants to respond to interrogatories, and allow deposition of defendants") (noting "The Grand Jury Specialist").  Since Rule 56(d) presupposes that "a nonmovant" lacks sufficient facts "to justify its opposition" to a summary judgment motion, the plaintiff's substantive opposition to the renewed summary judgment motion negates the basis for granting a continuance under Rule 56(d).

In any event, the adequacy of the defendant's search is a moot issue.  The plaintiff did not file an objection to Magistrate Judge Kay's R&R and therefore has waived any argument against the characterization of the FOIA request as seeking "five [specific] pieces of information regarding the grand jury proceedings in his [criminal] case." R&R at 1; *see id*. at 8-9 (discussing each requested item); *see also id.* at 9-10 (advising the parties about filing written objections within 14 days); *Elec. Transaction Sys. Corp. v. Prodigy Partners Ltd*., No. 08-1610, 2009 WL 3273920, at *1 (D.D.C. Oct. 9, 2009) (deeming "all objections [to R&R] waived" where none was received) (citations omitted).  Since it is undisputed that defendant located and released the very information identified in the R&R as improperly withheld, *see* Def.'s Ex. A, ECF No. 33-4, the Court has no further role to perform in this case.  *See Perry v. Block,* 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."); *accord Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) ("[B]ecause the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this FOIA action.") (citing *Perry*).

For the foregoing reasons, the Court, finding that the defendant has satisfied its disclosure obligation under the FOIA, will grant the defendant's renewed motion for summary judgment,

deny the plaintiff's motion for a continuance to conduct discovery, and enter judgment accordingly. A separate final order accompanies this Memorandum Opinion.

                                                      /s/ *Beryl A. Howell*  
                                        UNITED STATES DISTRICT JUDGE

DATE: November 2, 2012